## JONES v. ROBINSON.
### Patent Appeal No. 2852.

Court of Customs and Patent Appeals.
May 31, 1932.

Irving U. Townsend, of Boston, Mass. (Emery, Booth, Varney & Townsend, of Boston, Mass., of counsel), for appellant.

Howson & Howson, of New York City (W. G. Stewart, of Reading, Pa., W. A. Smith, Jr., of Washington, D. C., and H. A. Howson and Hubert Howson, both of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Examiner of Interferences, awarding priority of invention to the appellee in the three counts, which relate to a "high splice" attachment for stocking knitting machines.

Originally there were five related interferences based on slightly varying issues due to the difference in construction of the machines by the different applicants. Three of these interferences were decided by the tribunals below and with them we have not been and are not now concerned. Interference No. 47930, which was appealed to this court and was decided by us on February 8, 1932, Stewart v. Robinson, 19 C. C. P. A. ——, 55 F. (2d) 998, related to the same attachment, but the counts therein broadly covered the whole attachment, while the present interference relates to a subordinate feature thereof, being confined to the feature of the "rotating cam drum" and "means for relatively moving said drum and arm," etc.

Count 2 is illustrative and reads: "2. In combination with a circular knitting machine comprising a movable extra-thread guide finger, a rocker arm controlling the movement of said finger during each of a series of rotations of the needle cylinder, a rotating cam drum actuating said rocker arm, and means for relatively moving said drum and arm at each rotation to determinedly vary the needle-engaging positioning of said finger."

The senior party, Robinson, filed his application May 16, 1921, while Jones filed on June 6, 1922.

The Patent Office tribunals gave Robinson not later than November, 1920, as the date of conception, and February, 1921, as the date of reduction to practice. See opinion in Stewart v. Robinson, supra. The Examiner of Interferences held that Jones was "limited by his preliminary statement to February or March, 1922, for actual reduction to practice," and stated: "Assuming that he is entitled to this date, Robinson must prevail on his filing date of May 16, 1921, [even if it be assumed that Jones was the first to conceive] because Jones has not proved diligence during the nine or ten month interval."

Jones, on March 11, 1927, after he had taken his testimony in chief, offered to amend his preliminary statement. The object of the amendment was to fix a date for reduction to practice earlier than that of Robinson. The Examiner of Interferences refused to permit the amendment, which action, on appeal, was approved by the Board of Appeals for the same reasons as were assigned by the Examiner of Interferences. There was, in our judgment, no sufficient reason shown for permitting the amendment asked for, and the

action of the Board of Appeals in this respect was proper.

Appellant challenges the correctness of the conclusion of the Patent Office tribunals as to the dates of conception and reduction to practice by Robinson. This was gone into thoroughly in Stewart v. Robinson, supra, and it will not be necessary to repeat here what we said there.

In awarding priority to Robinson, the Board of Appeals said:

"In companion interference No. 47,930 the examiner of interferences gave Robinson a date of conception not later than November, 1920 and an actual reduction to practice in February, 1921. In our opinion these dates are warranted by Robinson's evidence. In the view we take of the case, however, it is immaterial whether Robinson is given an actual reduction to practice in February, 1921, or is limited to a constructive reduction to practice based on the filing of his application on May 16, 1921. Since Jones is limited by his preliminary statement to about March 1, 1922, he can prevail only by showing that he was the first to conceive and that he was diligent in reducing to practice at and subsequently to the entry of Robinson into the field.

"Jones and his corroborating witnesses testify to a conception of the invention in the fall of 1920. Jones attempts to fix the date as of about October 15, 1920 because he states it was prior to the time he saw the letter of Paquette dated October 13, 1920. (Exhibit 24.) The testimony of Jones that he discussed the invention with Lawson prior to this date is not corroborated by Lawson. Moreover the alleged earlier disclosure is not sufficient to constitute a disclosure of the complete invention. Robinson has documentary evidence in support of the date given him by the examiner of interferences and we are unable to find that Jones has established a prior conception.

"The holding of the examiner of interferences that Jones was lacking in the necessary diligence is also believed to be warranted, for in the nine or ten months between Robinson's filing date and Jones' alleged reduction to practice during which the examiner of interferences found there was no 'effort to show such connected activity as to amount to diligence,' Jones testifies that he and Hutton constructed two machines but it does not appear how much time was necessary for their construction or whether they were continually diligent in this work."

We think the Board's reasoning and conclusion were correct, and that priority of the invention defined in the three counts here involved was properly awarded to Robinson. The decision is affirmed.

Affirmed.